UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DONALD MCKENZIE, | CASE NO. 1:12 CV 90 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| GARY MOHR, *et al.*, | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants. | |

*Pro se* Plaintiff Donald McKenzie filed the above-captioned action under 42 U.S.C. §1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC Medical Director Dr. Krisher, Grafton Correctional Institution ("GCI")Warden Clipper, and GCI Health Care Administrator Nurse Hughes. In the Complaint, Plaintiff alleges Defendants have denied him appropriate medical care. He seeks monetary and injunctive relief.

## Background

Doctors at the Marion Correctional Institution told Plaintiff in 2008 he probably had a medical condition called gastroesophogeal reflux disease ("GERD"). Plaintiff refused additional testing at the Ohio State Medical Center to confirm the diagnosis saying he suffered from a panic disorder which could be triggered by his placement in shackles and chains. He claimed the testing was unnecessary because it would only confirm what the doctors already knew. He was transferred to GCI in January 2010 without a confirmation of the diagnosis.

Plaintiff alleges he was prescribed a series of over-the-counter medications to treat his symptoms. He was initially given Prilosec, an over-the-counter medication which could be

purchased at the prisoner commissary. He was allergic to Prilosec, and the physician then recommended he take Zantac, another medication which could be purchased at the prisoner commissary. He claims this medication was ineffective. He states his physicians prescribed Protonics for him, but ODRC Physician Krisher would not approve the medication absent a confirmed need for the prescription. He states the ODRC established a policy requiring institution physicians to recommend over-the-counter medications in place of prescription medications whenever possible. Plaintiff contends that although he is not technically indigent and cannot afford to purchase over-the-counter medications from the commissary. He indicates this is an effectual denial of medical treatment.

Plaintiff consented to testing at Ohio State Medical Center to confirm his diagnosis in February 2011. The testing revealed numerous ulcers in Plaintiff's esophagus from GERD. Ohio State physicians prescribed Nexium for the condition; however, Dr. Krisher would not approve this medication. GCI Physician Dr. Houghlan prescribed Protonics and that prescription was again denied. Dr. Krisher instead prescribed Prevacid. Plaintiff contends the medication has helped to some degree but has not alleviated the problem.

Dr. Krisher and Plaintiff's treating physicians note Plaintiff is not compliant with his treatment plan. They note the majority of his commissary purchases are medically contraindicated with this diagnosis. He continues to purchase food items such as hot dill pickles, chili ramen noodles, and nacho tortilla chips at the prison commissary. He has also been told to lose weight. Health Care Administrator Nurse Hughes told Plaintiff that it is his responsibility to comply with doctor's orders and his failure to do so hinders his treatment plan. She stated, "your continued non compliance with dietary recommendations makes receiving the medication almost useless." (ECF # 1-1 at 34). He has been told to try Prevacid for a while longer and change his dietary habits. Plaintiff claims Defendants are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Second, Plaintiff must establish a subjective element demonstrating the prison officials acted with a sufficiently culpable state of mind to cause the deprivation. *Id.* To meet this standard, the official must act with "deliberate indifference" which is characterized by obduracy or wantonness. It cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

First, Plaintiff fails to allege facts to suggest a sufficiently serious deprivation occurred. He was told to take several medications for his medical condition and he is monitored regularly by physicians. He admits the latest treatment is somewhat effective. Plaintiff refused testing until 2011 and has not followed dietary recommendations to help his condition. The Eighth Amendment does not guarantee prisoners unlimited access to the medical treatment of their choice, nor does it require medical care to be given free of charge if the inmate can afford to pay for it. *See Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir.1997). Plaintiff is not indigent. Prison officials note he makes more than $12.00 per month and therefore does not qualify as an indigent inmate (ECF # 1-1 at 2). Although he must make choices or limit his purchases, he is not being denied appropriate medical care in violation of the Eighth Amendment.

In addition, Plaintiff has not alleged these Defendants were deliberately indifferent to his

-4-

serious medical needs. There are no allegations in the Complaint suggesting ODRC Director Gary Mohr or Warden Clipper were aware of Plaintiff's medical needs or his concern for his financial ability to purchase over-the-counter medications from the commissary. The subjective component of an Eighth Amendment claim requires Plaintiff to show Defendant knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. To meet this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff has not alleged Gary Mohr or Warden Clipper knew of his health concerns and therefore he has not satisfied the subjective component of his Eighth Amendment claim.

While the Health Care Administrator is aware of his medical condition, Plaintiff has not alleged facts to show has been deliberately indifferent to his serious medical needs. She requested prescription strength medications for Plaintiff on several occasions but the requests are continually denied by the ODRC. The allegations in the Complaint, however, suggest that she continues to monitor his medical condition and treat him with available medications. There is no indication that her actions constitute deliberate indifference to his medical needs.

Finally, Dr. Krisher is both aware of his medical condition and has denied requests for Protonics. Instead he recommends Plaintiff continue with Prevacid and alter his diet to eliminate junk food and spicy foods which irritate his medical condition. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Plaintiff's allegations center on a difference of opinion as to the optimal treatment plan for Plaintiff. There are no allegations in the Complaint suggesting Dr. Krisher consciously disregarded a serious risk to Plaintiff's heath by approving an over-the-counter medication instead of one that requires a prescription.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 4/10/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.